**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William E Williams, | No. CV-22-08086-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

The Court now considers Plaintiff's Motion to Appoint Counsel. (Doc 80)

Plaintiff asks that the Court appoint counsel to help him prosecute this case. Plaintiff claims indigency. He explains that he is unfamiliar with the law and legal concepts. He adds that he has attempted to engage private counsel without success.

There is no constitutional right to the appointment of counsel in a civil case. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021). The Court has authorized Plaintiff to proceed in forma pauperis. (Doc. 12) Under the relevant statute, 28 U.S.C. § 1915(e)(1), the Court may request that an attorney undertake pro bono representation of an indigent plaintiff. As this Court has observed, the appointment of counsel in a civil case "is only done in exceptional circumstances and courts cannot compel a lawyer to take on representation of a civil litigant." *United States v. Melluzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at *2 (D. Ariz. May 3, 2010) (cleaned up).

Plaintiff asserts that he has already contacted eight law firms requesting that they take on his case. All declined. Plaintiff reports that "[t]hey seem to not want to represent

when a litigant has already proceeded through the federal court system as far as plaintiff has." (Doc. 80 at 1-2)

This Court will not undertake the responsibility of soliciting counsel for Plaintiff. First, Plaintiff's stated reason—that lawyers do not want to engage in a lawsuit that is underway—applies equally to any lawyer contacted by the Court at this juncture. Even more importantly, the Court refuses to be put in a compromising position where a lawyer may feel intimidated or even coerced into taking on pro bono representation because of a district judge's request. Plaintiff's inability to secure counsel may indicate that there is something unmarketable about his case. The Court expresses no opinion about this final point, yet it underscores the principle that a lawyer cannot be compelled to represent a client.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 80) is **denied**.

Dated this 15th day of August, 2023.

Michael T. Liburdi
United States District Judge